UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

HARPREET SINGH,                                                                    Petitioner,

v.                                                          Civil Action No. 4:26-cv-256-DJH

RUSSELL HOTT, Field Office Director,
Chicago Field Office, U.S. Immigration and
Customs Enforcement et al.,                                                    Respondents.

* * * * *

## MEMORANDUM OPINION AND ORDER

Petitioner Harpreet Singh, a noncitizen resident of New York currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 8) The parties have submitted briefs setting out their respective legal arguments. (D.N. 11; D.N. 13) The Court denied Singh's motion for an evidentiary hearing given the lack of a material factual dispute following additional briefing (D.N. 15; *see* D.N. 14). (D.N. 16) After careful consideration, the Court will grant Singh's amended petition for the reasons explained below.

**I.**

Singh is a native and citizen of India. (D.N. 8, PageID.25 ¶ 1; *see* D.N. 11-1, PageID.48) He entered the United States on September 5, 2017, and was detained by immigration authorities. (D.N. 1, PageID.25 ¶ 1; *see* D.N. 11-1, PageID.49) Singh was initially placed in expedited removal proceedings (*see* D.N. 15-1, PageID.87) but expressed a credible fear of persecution if he returned to India. (*See* D.N. 15-3, PageID.91–95 (Record of Determination/Credible Fear Worksheet)) As a result, Singh was placed in standard removal proceedings via a Notice to Appear

1

dated September 18, 2017, which designated him as "an alien present in the United States who has not been admitted or paroled." (D.N. 11-2, PageID.51) An immigration judge ordered that Singh be released on bond, finding that he did not present a flight risk or danger to the community. (*See* D.N. 8, PageID.25 ¶ 1) On January 26, 2024, an immigration judge denied Singh's asylum application and ordered that he be removed to India. (*See* D.N. 11-3, PageID.53–56) Singh's appeal of that decision remains pending before the Board of Immigration Appeals (BIA).[1] (*See* D.N. 8, PageID.25 ¶ 2; D.N. 11-4, PageID.57–59) On March 24, 2026, U.S. Immigration and Customs Enforcement (ICE) authorities arrested and detained Singh "while he was driving his truck." (D.N. 8, PageID.26 ¶ 3) An administrative arrest warrant was issued the following day. (*See* D.N. 11-5, PageID.60)

On May 21, 2026, an immigration judge denied Singh release on bond. (*See* D.N. 20-1, PageID.109–10) The immigration judge found that "'no monetary bond, even if coupled with alternatives to detention, would be sufficient' to ensure [Singh's] appearance at future immigration hearings and, if necessary, surrender for removal from [the United States]."[2] (*Id.*, PageID.109 (quoting *In re Akhmedov*, 29 I&N Dec. 166, 168 (B.I.A. 2025))) The immigration judge "acknowledge[d] that [Singh] provided proof of a sponsor with a fixed address" but found that "the existence of a sponsor is 'insufficient to adequately ensure [Singh's] appearance' for removal proceedings." (*Id.* (quoting *In re R-A-V-P-*, 27 I&N Dec. 803, 806 (B.I.A. 2020))) Singh remains detained at the Hopkins County Jail in Madisonville, Kentucky. (D.N. 8, PageID.26 ¶ 8)

Singh seeks a writ of habeas corpus against the Chicago ICE Field Office Director, Department of Homeland Security Secretary Markwayne Mullin, the Acting Director of ICE,

---

[1] The immigration judge's decision is not "executed while an appeal is pending" before the Board of Immigration Appeals. 8 C.F.R. § 1003.6(a).

[2] The immigration judge did not make a dangerousness determination. (*See* D.N. 20-1, PageID.109–10)

Acting U.S. Attorney General Todd Blanche, and Hopkins County Jailer Mike Lewis. (*See id.*, PageID.26–27 ¶¶ 9–13) Singh alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; and due process under the Fifth Amendment. (*See id.*, PageID.34–36 ¶¶ 36–45) He asks the Court to order his immediate release. (*See id.*, PageID.36) In a status report filed after the immigration judge denied bond, Singh states that "available administrative remedies with respect to custody have been fully exhausted" and asserts that the "record . . . reflects unrebutted positive factors weighing in favor of release" despite the recent bond determination. (D.N. 20, PageID.105 ¶¶ 4, 6) Respondents argue that (1) Singh is properly detained under 8 U.S.C. § 1225(b)(1) and (2) his detention does not violate due process under that provision.[3] (*See* D.N. 11, PageID.42–46)

## II.

### A.    Immigration and Nationality Act

Singh asserts that § 1226(a) governs his detention. (*See* D.N. 8, PageID.35 ¶ 42) Respondents argue that § 1225(b)(1)(B)(ii) requires that Singh be detained as a noncitizen subject to expedited removal and found by an asylum officer to have a credible fear of persecution. (*See* D.N. 11, PageID.42–44)

Section 1225(b)(1) governs "[i]nspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled." § 1225(b)(1). "Section 1225(b) requires mandatory detention" for noncitizens subject to expedited removal under § 1225(b)(1).

---

[3] Respondents do not contest that the Court has jurisdiction to review Singh's petition (*see generally* D.N. 11; D.N. 15). *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))). And because Respondents do not argue whether Singh must exhaust administrative remedies (*see generally* D.N. 11; D.N. 15), the Court will not address that issue.

*Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 293 (E.D.N.Y. 2025).  The statute states in relevant part:

> (A) Screening
> (i) In general
> If an immigration officer determines that an alien . . . who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution.
>
> (ii) Claims for asylum
> If an immigration officer determines that an alien . . . who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title and the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer.

§ 1225(b)(1)(A)(i)–(ii).  Thus, "[a]pplicants can avoid expedited removal by claiming asylum." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020).  "The point of th[e] screening interview is to determine whether the applicant has a 'credible fear of persecution.'"  *Id.* (quoting § 1225(b)(1)(B)(v)).  "The applicant need not show that he or she is in fact eligible for asylum— a 'credible fear' equates to only a 'significant possibility' that the alien would be eligible."  *Id.* (emphasis omitted) (quoting § 1225(b)(1)(B)(v)).

Section 1225(b)(1)(B)(ii) provides that if an asylum officer "determines at the time of the [credible-fear] interview that an alien has a credible fear of persecution . . . , the alien shall be detained for further consideration of the application for asylum."  § 1225(b)(1)(B)(ii).  "The plain meaning of [that provision] is that detention must continue until immigration officers have finished 'consider[ing]' the application for asylum."[4]  *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018)

---

[4]  Although § 1225(b)(1)(B) refers to a credible-fear finding by an asylum officer, *see* § 1225(b)(1)(B)(i)–(ii), and distinguishes immigration officers from asylum officers, *see*

(second alteration in original) (discussing §§ 1225(b)(1)(B)(ii), (b)(2)(A)).  Once consideration of the asylum application ends, "detention under § 1225(b) must end as well." *Id.* at 297.  Pursuant to accompanying regulations, upon an asylum officer's finding of credible fear, U.S. Citizenship and Immigration Services "has complete discretion to either issue a Form I-862, Notice to Appear, for full consideration of the asylum . . . claim in [standard removal] proceedings under [8 U.S.C. § 1229a], or retain jurisdiction over the application for asylum pursuant to [8 C.F.R.] § 208.2(a)(1)(ii) for further consideration in a hearing pursuant to [8 C.F.R.] § 208.9."  8 C.F.R. § 208.30(f); *see Thuraissigiam*, 591 U.S. at 110 (discussing 8 C.F.R. § 208.30(f)).  In a standard removal hearing, an immigration judge considers the noncitizen's asylum application.  *See Thuraissigiam*, 591 U.S. at 110.  But pursuant to 8 C.F.R. § 208.9, an asylum officer may further consider the asylum application via an interview and issue a decision.  *See* 8 C.F.R. § 208.9(b), (d); *see also* 8 C.F.R. § 208.14(b)–(c) (providing authority for asylum officer to grant or deny asylum applications).

Here, Singh received a credible-fear interview before an asylum officer on September 16, 2017.  (*See* D.N. 15-3, PageID.89–95)  The asylum officer found that Singh had a credible fear of persecution.  (*See id.*, PageID.94)  At that point, the officer's consideration of Singh's asylum application concluded because Singh was placed in standard removal proceedings before an immigration judge (*see* D.N. 11-2, PageID.51 (Notice to Appear stating that the Notice was "issued after an asylum officer . . . found that [Singh] ha[d] demonstrated a credible fear of persecution")).  *See Jennings*, 583 U.S. at 299.  The immigration judge denied asylum on January 26, 2024, and Singh's appeal of that decision remains pending.  (*See* D.N. 11-3, PageID.53–56; D.N. 11-4, PageID.57–59)  Although Singh's asylum application technically remains under consideration

§ 1225(b)(1)(A)(i)–(ii), the *Jennings* opinion refers to asylum officers as immigration officers for purposes of § 1225(b)(1)(B)(ii).  *See* 583 U.S. at 299.

before the BIA, § 1225(b)(1)(B)(ii) does not suggest that the BIA constitutes an "immigration officer" who "consider[s]" Singh's application under that provision, *see Jennings*, 583 U.S. at 299, given that the BIA and an immigration officer are defined differently.  *See* 8 U.S.C. § 1101(a)(18) (defining immigration officer); 8 C.F.R. § 1003.1(a)(1) (defining the BIA); *cf. dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988, at *8 n.11 (D. Mass. Aug. 14, 2025) (distinguishing between statutory definition of "immigration officer" and "immigration judge" to conclude that petitioner was not detained under § 1225(b)(1)(B)(ii) after he received "a positive credible fear finding" from an immigration officer and was placed in standard removal proceedings before an immigration judge).

Additionally, the government's treatment of Singh throughout his immigration proceedings suggests that he is detained under 8 U.S.C. § 1226.  Singh was previously released on bond pursuant to § 1226(a) (*see* D.N. 8, PageID.25 ¶ 1), which "carries legal significance" because the bond determination "constitutes strong evidence that [the government] intended to detain [Singh] under § 1226(a) and not under § 1225(b)."  *Luna Sanchez v. Bondi*, No. 1:25-cv-018888-MSN-IDD, 2025 WL 3191922, at *4 (E.D. Va. Nov. 14, 2025) (citations omitted).  Likewise, the administrative arrest warrant cited 8 U.S.C. § 1226 (*see* D.N. 11-5, PageID.60), and Singh's most recent bond hearing was conducted pursuant to that provision.[5]  (*See* D.N. 20-1, PageID.109–10)  Thus, the record strongly suggests that Singh is detained under 8 U.S.C. § 1226(a).  *See dos Santos*, 2025 WL 2370988, at *8 n.11 (relying on government's past treatment of petitioner under

---

[5] The warrant cited section 236 of the Immigration and Nationality Act (D.N. 11-5, PageID.60), which is codified at 8 U.S.C. § 1226.  *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *1 n.1 (W.D. Ky. Sep. 19, 2025).  The immigration judge's recent bond determination cited 8 C.F.R. § 1236 (*see* D.N. 20-1, PageID.109), which corresponds with 8 U.S.C. § 1226.  *See Jennings*, 583 U.S. at 306.

6

§ 1226(a) to reject argument that he was detained under § 1225(b)(1)(B)(ii)); *Luna Sanchez*, 2025 WL 3191922, at *4 (same).

Respondents cite several sources in support of their position. They primarily rely on *In re M-S-*, 27 I&N Dec. 509 (A.G. 2019). (*See* D.N. 11, PageID.42–44) In that decision, the Attorney General concluded that all noncitizens, except those paroled into the United States under 8 U.S.C. § 1182(d)(5)(A), who are "transferred from expedited to full proceedings after establishing a credible fear are ineligible for bond" under § 1226 and must remain detained under § 1225(b)(1)(B)(ii) "until removal proceedings conclude." *In re M-S-*, 27 I&N Dec. at 516, 519. Although the Attorney General relied on *Jennings* to support that conclusion, *see id.* at 517–18, *Jennings* did not hold that § 1225(b)(1)(B)(ii) mandates detention until removal proceedings conclude. Rather, *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require periodic bond hearings for noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. The *Jennings* Court observed that §§ 1225(b)(1) and (b)(2) "mandate detention of aliens throughout the completion of *applicable proceedings*," *id.* at 302 (emphasis added)—specifically, "until immigration officers have finished 'consider[ing]' the application for asylum" as to § 1225(b)(1)(B)(ii). *Id.* at 299. Thus, *In re M-S-* appears to misconstrue *Jennings* regarding that provision. In any event, the Court is not bound by the Attorney General's interpretation and instead "must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024).

Respondents' additional cases are unpersuasive or factually distinguishable. In *Brito-Goncalvez v. Field Office Director*, No. 1:26-cv-94, 2026 WL 1077448 (S.D. Ohio Apr. 21, 2026), the court concluded that the petitioner was detained under § 1225(b)(1)(B)(ii) while his asylum application was pending before an immigration judge following a credible-fear finding and transfer

from expedited removal proceedings.  *See id.* at *2–3.  The court stated that "[b]y regulation, . . . 'further consideration' takes the form of full removal proceedings under [8 U.S.C. § 1229a]."  *Id.* at *2 (quoting *In re M-S-*, 27 I&N Dec. at 512).  But as explained above, "further consideration" of an asylum application does not always involve removal proceedings before an immigration judge.  The government may alternatively "retain jurisdiction over the application for asylum pursuant to [8 C.F.R.] § 208.2(a)(1)(ii) for further consideration in a hearing pursuant to [8 C.F.R.] § 208.9" before an asylum officer.  8 C.F.R. § 208.30(f).  If the government had chosen that route in *Brito-Goncalvez*, then the asylum application would have been under "further consideration" by an asylum officer.  8 U.S.C. § 1225(b)(1)(B)(ii); *see* 8 C.F.R. § 208.9.  But in that case, the noncitizen was placed in removal proceedings before an immigration judge.  Thus, an officer had finished considering the asylum application, and § 1225(b)(1)(B)(ii) no longer applied. *Jennings*, 583 U.S. at 299.  Because *Brito-Goncalvez* reached a different conclusion from what *Jennings* states, *see* 2026 WL 1077448 at *2–3, the Court does not find that case persuasive. *See dos Santos*, 2025 WL 2370988, at *8 n.11.

Respondents also cite *Pambukhchyan v. ICE*, No. 26-0136, 2026 WL 980250 (W.D. La. Mar. 23, 2026).  (D.N. 11, PageID.44)  There, an immigration judge denied the petitioner's asylum application following a credible-fear finding and ordered that he be removed, and the petitioner's appeal of that decision remained pending before the BIA.  *See* 2026 WL 980250 at *1.  The court observed that the phrase "shall be detained" in § 1225(b)(1)(B)(ii) requires detention and cited *In re M-S-* in support, but the court did not further explain how that decision or the statutory language supported its conclusion.  *See id.* at *3.  The Court thus does not find *Pambukhchyan* instructive.

Finally, Respondents' reliance on *Paredes Padilla v. Galovich*, No. 25-cv-865-jdp, 2025 WL 3640960 (W.D. Wis. Dec. 16, 2025), is misplaced.  (*See* D.N. 15, PageID.84–85)  In that case,

8

the court observed that "[i]n August 2021, an immigration judge ordered Paredes Padilla to file written pleadings within 30 days" regarding his asylum case and that "[t]hat . . . order is the last action recorded in the case." 2025 WL 3640960 at *1. The court reasoned that because "nothing in the record suggest[ed] that the [asylum] case was ever concluded," the petitioner was detained under § 1225(b)(1)(B)(ii). *Id.* at *3 (citing *Jennings*, 583 U.S. at 302). *Paredes Padilla* is distinguishable because unlike the present case, the record did not show that an immigration judge had decided the asylum claim. In any event, *Paredes Padilla* construed *Jennings* to hold that § 1225(b)(1)(B)(ii) "mandates detention for the entire duration of the asylum proceedings." *Id.* But that interpretation ignores the distinction between immigration officers and immigration judges for purposes of § 1225(b)(1)(B)(ii). *See Jennings*, 583 U.S. at 299; *dos Santos*, 2025 WL 2370988, at *8 n.11. Therefore, the Court does not find *Paredes Padilla* instructive.

In sum, the Court concludes that Singh is detained under § 1226(a), not § 1225(b)(1)(B)(ii), because an officer finished considering his asylum application nearly nine years ago. *See Jennings*, 583 U.S. at 299.

**B.     Due Process and Review of Bond Decision**

Singh additionally challenges the recent bond determination and maintains that he is not a flight risk based on "substantive documentation demonstrating strong equities supporting release." (D.N. 20, PageID.105 ¶ 5) Respondents argue that Singh's detention comports with due process under § 1225(b)(1)(B)(ii). (*See* D.N. 11, PageID.44–46) Because Singh is detained under § 1226(a), not § 1225(b)(1)(B)(ii), Respondents' due-process argument is inapposite.

Due process entitles noncitizens detained under § 1226(a) to an individualized bond hearing before an immigration judge to determine whether they present a flight risk or danger to the community. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–34 (6th Cir. 2026); 8 U.S.C.

§ 1226(a); 8 C.F.R. § 1236.1(c)(8), (d)(1).  Although Singh states that he is not asking the Court "to review or reconsider the Immigration Court's decision" (D.N. 20, PageID.106 ¶ 8), he apparently challenges the adequacy of the bond hearing.  Specifically, Singh asserts that he "is not a flight risk . . . [based on] a verified sponsor and stable proposed residence, as well as a viable trucking business providing lawful means of employment." (*Id.*, PageID.105 ¶ 5)  Singh argues that "[t]hese factors collectively establish significant community ties and structured post-release conditions relevant to continued custody" and that "[t]he custody record . . . reflects unrebutted positive factors weighing in favor of release on appropriate conditions" because the government apparently "did not present affirmative evidence rebutting [Singh's] documented equities supporting release under bond." (*Id.* ¶¶ 5–6; *see* D.N. 20-2, PageID.111–339 (motion for bond redetermination and supporting documents))  Respondents do not challenge Singh's assertion that the government presented no "affirmative evidence" during the bond hearing to justify Singh's detention, and the record does not suggest otherwise. (*See generally* D.N. 20)

To the extent Singh asks the Court to reweigh the evidence as to flight risk, the Court lacks jurisdiction to do so under 8 U.S.C. § 1226(e).  Under that provision, "district courts do not have jurisdiction to review discretionary decisions made by an [immigration judge] regarding bond." *Marroquin v. Noem*, No. 26-45-DLB, 2026 WL 575222, at *3 (E.D. Ky. Mar. 2, 2026) (quoting *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025)); *see Nielsen v. Preap*, 586 U.S. 392, 401 (2019).  Nevertheless, the Court may consider Singh's challenge to the bond hearing's adequacy because § 1226(e) "does not preclude the Court's exercise of jurisdiction where a noncitizen raises a constitutional challenge to the bond hearing he received." *Chavarria Mejia v. Crawford*, No. 1:26-cv-253 (LMB/LRV), 2026 WL 819603, at *4 (E.D. Va. Mar. 25, 2026) (discussing *Jennings*, 583 U.S. at 295); *see Garcia v. Hyde*, 817 F. Supp. 3d 112, 125 (D.R.I. 2025)

(concluding that claims contesting the immigration judge's determination of flight risk "ultimately raise[] a constitutional challenge"). "[T]he [flight-risk] determination is a finding based on the application of a statutory legal standard to an established set of facts, which is a reviewable question of law not barred by Section 1226(e)." *España v. Nessinger*, No. 26-cv-014-JJM-PAS, 2026 WL 821788, at *6 (D.R.I. Mar. 25, 2026) (internal quotation marks omitted) (citing *Wilkinson v. Garland*, 601 U.S. 209, 212, 225 (2024); *Martinez v. Clark*, 124 F.4th 775, 779 (9th Cir. 2024)). The Court may accordingly consider whether the evidence upon which the immigration judge relied established, as a matter of law, that Singh posed a flight risk. *See Garcia*, 817 F. Supp. 3d at 126 ("[T]he issue here is not whether this Court believes that the proof establishes that Mr. Garcia poses a flight risk. Rather, the question is whether the evidence that the [immigration judge] relied on at the bond hearing could—as a matter of law—establish that Mr. Garcia posed a flight risk." (emphasis and citation omitted)); *cf. España*, 2026 WL 821788, at *9–13 (assessing evidence upon which the immigration judge relied for dangerousness determination to deny bond). During a bond hearing, the immigration judge must determine that the noncitizen poses a flight risk based on clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 627–29 (W.D. Mich. 2026) (discussing cases). Absent guidance from the Sixth Circuit, courts have found that the government bears the burden of proving that the noncitizen presents a flight risk. *See, e.g.*, *id.* at 622; *Ba v. Raycraft*, No. 26-10838, 2026 WL 1213803, at *4 (E.D. Mich. May 4, 2026); *Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026).

Here, the immigration judge denied bond based solely on "a final administrative order of removal" and his finding that "the existence of a sponsor" was insufficient to ensure Singh's appearance for removal proceedings. (D.N. 20-1, PageID.109) Neither factor supported the flight-

11

risk determination as a matter of law. As to the first factor, Singh's removal order is not administratively final. "[A]n order of removal becomes final upon a determination by the Board of Immigration Appeals affirming such order, or upon the expiration of the period in which the alien is permitted to seek review of such order by the BIA." *Hussam F. v. Sessions*, 897 F.3d 707, 717 (6th Cir. 2018) (citation modified). Because Singh's appeal of the denial of asylum and order of removal remains pending before the BIA (*see* D.N. 8, PageID.25 ¶ 2; D.N. 11-4, PageID.57–59), the removal order is not administratively final. *Hussam F.*, 897 F.3d at 717. And "a non-final 'order of removal is not, by itself, sufficient to deny bond.'" *Timbigamba v. FCI Berlin, Warden*, No. 26-cv-281-LM-AJ, 2026 WL 1470320, at *10 (D.N.H. May 26, 2026) (quoting *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1141 (N.D. Cal. 2017)). "To the contrary, the [Immigration and Nationality Act] specifically provides that the existence of an order of removal compels denial of bond only once that order becomes 'administratively final.'" *Id.* (citing 8 U.S.C. §§ 1231(a)(1)(B)(i), (2)(A); 8 C.F.R. § 1241.1). "Where an [immigration judge] has discretion to consider a noncitizen's release on bond, the [immigration judge] must exercise that discretion in an individualized fashion based on the noncitizen's specific circumstances, not merely the procedural posture of their removal proceedings." *Id.* (citing *In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006)).

Moreover, the government apparently presented no evidence regarding the sponsor's viability. (*See generally* D.N. 20) "It is therefore not clear how the [immigration judge] could conclude, by clear and convincing evidence, that the sponsor would be unable" to ensure Singh's appearance at future proceedings when the government presented no evidence to that effect. *N.A. v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03007-MBK, 2026 WL 1045196, at *9 (C.D. Cal. Apr. 15, 2026); *see id.* (observing that the government "did not question the sponsor's

12

viability . . . notwithstanding the [immigration judge]'s concerns about the sponsor's finances"). Given the government's apparent lack of evidence, the immigration judge impermissibly placed the burden on Singh to prove that he was not a flight risk. *Cf. Tavurov v. Noem*, No. 2:26-cv-00668-TLF, 2026 WL 1283513, at *8 (W.D. Wash. May 11, 2026) (finding that the immigration judge incorrectly placed the burden on the petitioner to show a lack of flight risk where "evidence presented by the Government was not sufficient on its own to establish [that] petitioner was a flight risk by clear and convincing evidence" and "[t]he Government did not challenge the evidence presented by petitioner").

Because the two grounds for the immigration judge's decision could not establish flight risk by clear and convincing evidence and the immigration judge erroneously placed the burden of proof on Singh, the bond hearing was constitutionally inadequate and violated Singh's due-process rights. *See Timbigamba*, 2026 WL 1470320, at *11; *N.A.*, 2026 WL 1045196, at *10; *Sales*, 323 F. Supp. 3d at 1141–42. And because Singh is unlawfully detained, the Court will order his immediate release. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *Timbigamba*, 2026 WL 1470320, at *12 (ordering release based on constitutionally inadequate bond hearing); *N.A.*, 2026 WL 1045196, at *10 (same); *Sales*, 323 F. Supp. 3d at 1142 (same).

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Singh's amended petition for a writ of habeas corpus (D.N. 8) is **GRANTED**. Respondents are **DIRECTED** to immediately release Singh and shall not re-detain him without

notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **July 2, 2026**.

      (2)     Singh's motion for immediate release (D.N. 18) is **DENIED** as moot.

      (3)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

June 30, 2026

**David J. Hale, Chief Judge**
**United States District Court**

14